UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CHARLES BATTS
                                              PRISONER
    v.                             CASE NO. 3:09CV1012 (JBA)

LIEUTENANT PERKINS, ET AL.

## RULING AND ORDER

The plaintiff, currently incarcerated in the Garner Correctional Institution in Newtown, Connecticut, brings this civil action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915.  The plaintiff alleges the defendants used excessive force against him on May 19, 2007.

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), amended the statute governing proceedings filed in forma pauperis pursuant to 28 U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This provision requires the denial of plaintiff's

application to proceed in forma pauperis in this case.  It has come to the court's attention that prior to the filing of this action on June 23, 2009, three of plaintiff's complaints have been dismissed sua sponte as frivolous and on appeal of dismissal of a complaint has been dismissed by the Court of Appeals for the Second Circuit as frivolous.  See Batts, et al. v. Armstrong, et al., 3:95cv2680 (GLG) (dismissed April 22, 1996); Batts v. Flannigan Smith, et al., 3:96cv642 (PCD) (dismissed July 30, 1996); Batts, et al. v. Valesquez, et al., 3:96cv813 (GLG) (dismissed October 8, 1996); Batts v. Armstrong, et al., 96-2420 (dismissed August 28, 1996).  Because at least three of plaintiff's complaints and appeals which were filed in forma pauperis have been dismissed as frivolous, plaintiff may not bring the present action without payment of the filing fee absent allegations of "imminent danger of serious physical injury."

A thorough review of plaintiff's complaint reveals no such allegations.  Plaintiff alleges that in May 2007, Correctional Officers Smalls, DeGrasso, Kurtzenacker and Tartum and Lieutenant Perkins used excessive force against him when they removed him from his cell.  Plaintiff includes no allegations regarding the use of excessive force since May 2007.  The court concludes that plaintiff has not alleged that he is in imminent danger of serious physical injury.  See Malik v. McGinnis, 293 F.3d 559, 563 (2d Cir. 2002) ("language of § 1915(g) makes clear that the

2

'imminent danger' exception only applies to danger existing at the time the complaint is filed").

## Conclusion

The Order granting the plaintiff's application to proceed in forma pauperis **[doc. #3]** is **VACATED**.  The Clerk is directed to contact the Connecticut Department of Correction and request that any funds collected from the plaintiff's inmate account pursuant to the plaintiff's Prisoner Authorization Form be returned to the plaintiff.  No further funds shall be collected from the plaintiff's prisoner account pursuant to the Prisoner Authorization Form.

For the reasons stated above, plaintiff's application to proceed in forma pauperis **[doc. #2]** is **DENIED**.

All further proceedings in this matter shall be held in abeyance for **thirty (30) days** pending plaintiff's delivery of the filing fee in the amount of $350.00 (cash, bank check or money order made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Boulevard, Bridgeport, CT  06604.  Failure to tender the filing fee within thirty days of the date of this Order will result in the dismissal of this action.

**SO ORDERED** this 11th day of September, 2009, at Bridgeport, Connecticut.

```
       ___/s/_____
          HOLLY B. FITZSIMMONS
          UNITED STATES MAGISTRATE JUDGE
```